# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**IUEMHOTEP MUHAMMAD** * **CIVIL ACTION NO. 06-0506**

**VERSUS** * **JUDGE JAMES**

**INTERNAL REVENUE SERVICE, ET AL** * **MAGISTRATE JUDGE HAYES**

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by pro se plaintiff, Iuemhotep Muhammad ("Muhammad") (Doc. #6). Defendant, the Internal Revenue Service ("IRS") opposes the motion. After review of the law and the evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this court is proper. Plaintiff's Motion to Remand is therefore **DENIED.**

## STATEMENT OF FACTS

Muhammad filed suit against the IRS and C. Sherwood ("Sherwood"), a revenue agent, on March 1, 2006, in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, seeking to vacate federal tax liens and levies. On March 27, 2006, the IRS removed the case to this Court. On March 29, 2006, Muhammad filed a "Notice of Non-Acceptance of Removal and Petition to Remand Case Back to State Jurisdiction" (Doc. #6), referred to here as the Motion to Remand. The IRS has opposed the motion (Doc. #9).

## LAW AND ANALYSIS

Civil actions against the United States, its agencies, or its officers brought in a state court

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

are subject to removal to federal court.  *See* 28 U.S.C. 1442(a)(1).  Muhammad challenges the federal income tax liabilities assessed against him by agents of the United States and seeks to obtain the release of the associated federal tax liens and levies.  In addition to naming the IRS as a defendant, Muhammad also names IRS officer, Sherwood.  However, when a claim is made against an individual defendant for actions performed in his official capacity as an employee of the United States, the action is in reality against the United States.  *See Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Louisiana v. McAdoo*, 234 U.S. 627, 632 (1914).

Muhammad attempts to argue that this is an *in rem* action and therefore not removable to federal court.  This argument lacks merit.  Muhammad does not negate the fact that he seeks declaratory relief against an IRS officer and the federal agency, both of whom may remove, and have properly removed, the matter to federal court pursuant to 28 U.S.C. § 1442(a)(1).  In his complaint, Muhammad challenges the validity of a federal tax lien and the procedure by which it was filed by a revenue officer of the United States.  The state statutes to which Muhammad refers are part of the Uniform Federal Lien Registration Act, adopted by Louisiana, to ensure uniform filing procedures of federal tax liens.  *See* La. R.S. 52:51 - 52:56.  Federal statute 26 U.S.C. § 6323(f) dictates the place for filing notices of federal tax lien and levies.

Pursuant to 28 U.S.C. § 1442(a)(1), removal of this case to federal court was proper.  Therefore, Muhammad's Motion to Remand (Doc. #6) is **DENIED**.

**THUS DONE AND SIGNED** this 31st Day of May, 2006, in Monroe, Louisiana.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE