**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **IUEMHOTEP MUHAMMAD** | * | **CIVIL ACTION NO. 06-0506** |
| **VERSUS** | * | **JUDGE JAMES** |
| **INTERNAL REVENUE SERVICE, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) filed by defendant, United States of

America ("the Government") on behalf of the Internal Revenue Service ("IRS") and C. Sherwood

("Sherwood"), a revenue agent with the IRS. (Doc. #10). The motion is unopposed. For reasons

stated below, it is recommended that the motion be **GRANTED.**

**STATEMENT OF FACTS**

Pro se plaintiff, Iuemhotep Muhammad ("Muhammad") filed suit against the IRS and

Sherwood on March 1, 2006, in the Fourth Judicial District Court for the Parish of Ouachita,

State of Louisiana, seeking to vacate federal tax liens and levies. On March 27, 2006, the IRS

removed the case to this Court.[1] Muhammad challenges the federal tax liens and levies filed

against him for the failure to pay his federal income taxes. Muhammad challenges the authority

of the IRS to file liens and levies and also alleges state and federal law violations. Sherwood is

the IRS officer who signed a Notice of Federal Tax Liens that was filed in Ouachita Parish,

Louisiana. In addition, a levy was served on Muhammad's Provident Bank account in Ohio.

---

[1]This Court previously denied Plaintiff's Motion to Remand (Doc. #13).

## LAW AND ANALYSIS

Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998 (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001). In fact, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (5th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980)) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). "'Factual

attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.*

Although Muhammad brought this action against the IRS and Sherwood, he is challenging federal income taxes liabilities against him and seeks to obtain a release of the associated federal tax liens and levies. Therefore, this action is treated as one against the United States because "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration" or "to restrain the Government form acting, or to compel it to act." *Dugan v. Rank,* 372 U.S. 609, 620 (1963) (internal citations omitted).

To be amenable to suit, the United States must waive its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535 538 (1980). Waiver of sovereign immunity is to be strictly construed in favor of the sovereign and must be unequivocally expressed in statute. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Muhammad has not responded to the Government's Motion to Dismiss and has failed to meet his burden of providing the statutory basis for waiver of immunity.

Furthermore, the Anti-Injunction Act, 26 U.S.C. § 7421, denies this court jurisdiction over any "suit for the purpose of restraining the assessment or collection of any tax." *See* 26 U.S.C. § 7421(a). Additionally, the Court agrees with the United States that it does not have subject matter jurisdiction over this claim since the Muhammad seeks a declaratory judgment and such claim is barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201 (allowing courts to declare the rights and other legal relations of interested parties, "except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code"). This action

was not brought under section 7428 of the Internal Revenue Code.[2]

For the reasons stated above, **IT IS RECOMMENDED** that Motion to Dismiss for lack of subject matter jurisdiction (Doc. #10) be **GRANTED**. In the event the District Judge declines to adopt recommendation of dismissal for lack of subject matter jurisdiction, the undersigned will also address the Motion to Dismiss for failure to state a claim.

<u>Motion to Dismiss for Failure to State a Claim</u>

In assessing the merits of a motion to dismiss under F.R.C.P. 12(b)(6), the court must assume that all factual allegations set forth in the complaint are true, and must construe those facts in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276 (1991). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971, 102 S.Ct. 2232 (1982), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001), citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and

---

[2]26 U.S.C. § 7428 allows courts to enter declaratory judgments in cases relating to the status and classification of organizations under 501(c)(3).

unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992), quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

Muhammad seeks injunctive relief and refers to state statutes which are part of the Uniform Federal Lien Registration Act, adopted by Louisiana, to ensure uniform filing procedures of federal tax liens. *See* La. R.S. 52:51 - 52:56. Federal statute 26 U.S.C. § 6323(f) dictates the place for filing notices of federal tax lien and levies. The state law Muhammad cites provides no basis to challenge the authority of the IRS or its agents to file liens. To the extent that Muhammad seeks relief other than an injunction or declaratory judgment, he has not stated a claim upon which relief can be granted since the United States clearly has the power to obtain a tax lien in its favor under 26 U.S.C. § 6321 and the exercise of that power is constitutional. *See State of Michigan v. United States,* 317 U.S. 338, 339 (1943).

Furthermore, under 26 U.S.C. § 7801, the Secretary of the Treasury has full authority to administer and enforce the internal revenue laws and has the power to create an agency to enforce such laws. Thus, the IRS was created. The IRS and its agents are authorized by statute to file tax liens and levies to collect unpaid taxes, through the delegated authority set forth in 26 U.S.C. § 6323(a) and § 7701(a)(11). Section 6323(a) provides that the lien imposed by § 6321 is valid upon the Secretary's meeting the lien filing requirements. Section 7701(a)(11)(B) defines "Secretary" to include the Secretary of the Treasury and his delegate. Section 7701(12)(A)(I) defines "delegate" to mean any officer, employee, or agency of the Treasury Department, authorized by the Secretary directly, or indirectly by redelegation of authority, to perform a

certain function.  Sherwood, as a revenue agent for the IRS, had the authority to file tax liens and levies.

The IRS is, as a matter of law, a duly authorized agency for the filing of tax liens and levies, and for the collection of taxes; the Louisiana statute relied on by the plaintiff does not provide a basis for a claim to vacate liens and levies.  Therefore, **IT IS RECOMMENDED, IN THE ALTERNATIVE,** that the Motion to Dismiss (Doc. #10) be **GRANTED** for failure to state a claim upon which relief can be granted.

**THUS DONE AND SIGNED** this 13th Day of June, 2006, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE